UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Paul Blackmer

    v.                                      Civil No. 10-cv-133-SM

United States Social
Security Administration

**REPORT AND RECOMMENDATION**

    Before the Court is pro se plaintiff Paul Blackmer's Petition for Writ of Mandamus (document no. 1), pursuant to 28 U.S.C. § 1361, which asks this court to compel the defendant, United States Social Security Administration ("SSA") to provide him with social security benefits as he is currently 66 years old.  Because Blackmer is a prisoner, the matter is before me for preliminary review to determine if the complaint states any claim upon which relief might be granted, or if this court has subject matter jurisdiction over the case.  See 28 U.S.C. § 1915A; United States District Court, District of New Hampshire, Local Rule ("LR") 4.3(d)(2).

**Standard of Review**

    Under LR 4.3(d)(2), when an incarcerated plaintiff commences an action pro se, the magistrate judge conducts a preliminary review.  In conducting a preliminary review, the court construes all of the factual assertions in pro se pleadings liberally,

however inartfully pleaded.  See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam) (following <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997); <u>see also</u> <u>Castro v. United States</u>, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint should be dismissed for failing to state a claim on which relief could be granted, the Court must consider whether the complaint, construed liberally, <u>see</u> <u>Erickson</u>, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted). Determining if a complaint states a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

Blackmer was convicted on felony drug charges in New Hampshire in 1997 and 1999. Blackmer is currently in prison on those charges and has been unsuccessful in challenging his convictions. See generally Blackmer v. Warden, Northern N.H. Corr. Facility, 2008 DNH 17, 2008 WL 227267 (D.N.H. Jan. 28, 2008) (granting summary judgment on petition for habeas corpus and discussing procedural history of Blackmer's challenges to his 1997 and 1999 convictions on drug charges).

Blackmer turned 66 on March 10, 2010, while in prison. He has attempted to contact the SSA to secure social security benefits based on his age. Blackmer asserts that SSA officials have responded to his queries with information applicable only to

prisoners that are lawfully imprisoned.  Presumably, the SSA has informed Blackmer that social security benefits are not payable to him while he is incarcerated, pursuant to 42 U.S.C. § 402(x)(1)(A)(i).  Blackmer maintains, however, that he is falsely imprisoned, and that the rule restricting prisoners' benefits is therefore inapplicable to him.  Blackmer asserts a single claim in this case for mandamus relief under 28 U.S.C. § 1361, consisting of an order directing the SSA to provide him with social security benefits.[1]

## Discussion

The Mandamus and Venue Act, codified at 28 U.S.C. § 1361, provides that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  An action seeking to compel such a performance of a duty is called a complaint in the nature of mandamus.

"There can be no mandamus action if no 'duty' exists on the

---

[1] The claims, identified herein, will be considered to be the claims raised in the complaint for all purposes.  If Blackmer objects to the claims as identified, he must do so by properly filing an objection to this Report and Recommendation or by properly moving to amend his complaint.

part of the defendants."  <u>Davis Assocs., Inc. v. Sec'y, Dep't of HUD</u>, 498 F.2d 385, 388 (1st Cir. 1974).  "Only when the duty is clear and unmistakable is the extraordinary remedy of mandamus appropriate."  <u>Falzarano v. United States</u>, 607 F.2d 506, 513 (1st Cir. 1979).

Persons born in 1944 may apply for full monthly social security benefits when they turn 66, but not all 66 year olds are entitled to benefits.  Section 202(x)(1)(A) of the Social Security Act suspends the payment of monthly social security benefits to certain persons, including those confined in prison pursuant to a conviction of a criminal offense.  <u>See</u> 42 U.S.C. § 402(x)(1)(A)(i)[2]; <u>see also</u> <u>Andujar v. Bowen</u>, 802 F.2d 404, 405 (11th Cir. 1986) (upholding validity of 42 U.S.C. § 402(x)(1)); <u>Zipkin v. Heckler</u>, 790 F.2d 16, 19 (2d Cir. 1986) ("[S]ection

---

[2]This statute provides in pertinent part:

(1)(A) Notwithstanding any other provision of this title, no monthly benefits shall be paid . . . for any month . . . throughout all of which such individual –

    (i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense

. . . .

42 U.S.C. § 402(x)(1)(A)(i).

202(x) rationally reflects the policy that prisoners' Social Security retirement benefit payments be suspended since their substantial economic needs are already met.").

Here, Blackmer is confined in prison in New Hampshire pursuant to two felony convictions. Those convictions have never been invalidated by any court in which Blackmer has sought relief. As such, he is not entitled to the payment of social security retirement benefits. The statute does not create a duty to pay benefits to those who are challenging the validity of their convictions. Therefore, the SSA has no duty to provide Blackmer with benefits at this time. Accordingly, Blackmer's petition, in the nature of a mandamus action, should be dismissed.

## Conclusion

For the foregoing reasons, I recommend that Blackmer's petition (doc. no. 1) be dismissed.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: April 30, 2010

cc: Paul Blackmer, pro se

JRM:nmd